IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

WHITE PINE INSURANCE COMPANY,

    Plaintiff,

CIVIL ACTION NO. 2:21-cv-00475

v.

HAYNES WRECKER SERVICE, LLC,

    Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT ACTION OF WHITE PINE INSURANCE COMPANY**

Pursuant to 28 U.S.C. § 2201, Plaintiff White Pine Insurance Company ("White Pine") hereby requests a declaration of legal rights and responsibilities owed to Haynes Wrecker Service, LLC ("Defendant") under a Commercial General Liability Policy that Plaintiff White Pine issued to Defendant.

1. The central question in this declaratory judgment action is whether the insurance policy at issue provides a duty to defend or a duty to indemnify Defendant for actions and conduct alleged against them in a civil action: otherwise, to be referred to herein as the "Lawsuit". A copy of the Lawsuit is attached to this Complaint as Exhibit "A" ("The Lawsuit").

2. White Pine hereby alleges as follows:

**I. THE PARTIES**

3. Plaintiff White Pine is a Michigan Corporation with its principal place of business in Michigan. White Pine is a citizen of Michigan within the meaning of 28 U.S.C. § 1332(c).

4. Defendant Haynes Wrecker Service, LLC is a West Virginia limited liability company with a principal place of business located at 143 Cornian Ford Road, Ripley, Jackson

County, West Virginia. Therefore, Defendant is a citizen of West Virginia within the meaning of 28 U.S.C. § 1332(c).

## II. JURISDICTION

4.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The instant matter seeks a judicial determination of whether, pursuant to the terms and conditions contained within the White Pine policy, there is a duty to defend or a duty to indemnify Defendant for the actions and conduct alleged against them in the Lawsuit.

5.  This action is between citizens of different states and the amount in controversy exceeds the $75,000 jurisdictional minimum.

6.  This Court has personal jurisdiction over Defendant as a citizen of West Virginia.

7.  This Court has authority to grant declaratory judgment pursuant to 28 U.S.C. § 2201 because White Pine and Defendant are engaged in an actual controversy susceptible to specific relief over the application of provisions in the White Pine insurance policy and any potential ensuing duties. This controversy is within the jurisdiction of the Court.

## III. THE LAWSUIT

8.  Sergiy Grebinnyk, (hereinafter "Underlying Plaintiff" or "Grebinnyk") filed suit against the Defendant in the Circuit Court of Jackson County, West Virginia, at Civil Action Number 19-C-37 (hereinafter "the Complaint") (Ex. A).

9.  The Complaint asserts one untitled cause of action against the Defendant. The allegations therein assert that, upon being involved in an accident for which criminal charges were eventually levied against the Underlying Plaintiff, the Defendant towed the vehicle from the accident and then was ordered to retain possession of those vehicles as evidence, Defendant issued

abandoned vehicle notices and later advised Grebinnyk that they intended to sell those vehicles pursuant to the notices; the suit seeks to prevent that sale.

## IV. THE WHITE PINE POLICY

10. White Pine issued a commercial general liability and garage keeper's liability insurance policy to Haynes Wrecker Service, LLC under Policy Number WPCS002134 (hereinafter "the Policy"), effective from September 18, 2016 to September 18, 2017 (a copy of the Policy is attached hereto as "Exhibit B").

11. The Policy contains the following relevant provisions:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A - Bodily Injury and Property Damage Liability**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. ….
   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory" …

   \*   \*   \*   \*   \*   \*

**SECTION V – DEFINITIONS**

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*   \*   \*   \*   \*

**GARAGEKEEPERS COVERAGE**

  **B. Coverage**

    1.  We will pay all sums the "insured" legally must pay as damages for "loss" to a "customer's auto" or "customer's auto" equipment left in the "insured's" care while the "insured" is attending, servicing, repairing, parking or storing it in your "garage operations" under:

    a.  **Comprehensive Coverage**

    From any cause except:

    (1) The "customer's auto's" collision with another object; or
    (2) The "customer's auto" overturn.

    \*    \*    \*    \*    \*

    **E.  Additional Definitions**

    As used in this endorsement

    \*    \*    \*    \*    \*    \*

    2.  "Loss" means direct and accidental loss or damage and includes any resulting loss of use.

*(See attached "Exhibit B" for the Policy.)*

    12.    The Complaint does not assert claims for damages because of "bodily injury" or "property damage" caused by an "accident" as defined by the Policy.

    13.    The Complaint asserts claims relating to the Defendant's compliance with a governmental order to keep possession of the Underlying Plaintiff's vehicle and the Defendant's intention to sell the vehicle as an abandoned vehicle, Grebinnyk does not seek damages because of "bodily injury" or "property damage" caused by an accident, as set forth in the foregoing definitions of a "loss" or "occurrence" in the Policy, and, therefore, the insuring agreement(s) of the Policy is/are not triggered.

    14.    Because the Lawsuit does not assert claims seeking damages because of a qualified loss consisting of an accident, nor an "occurrence" or "loss" as defined by the pertinent provisions of the Policy, the insuring agreement of the Policy is not triggered, and White Pine does not owe Defendant a defense or indemnification from the Lawsuit.

## V. JUSTICIABILITY OF CONTROVERSY

15. The Policy does not provide coverage for the allegations contained within the Lawsuit.

16. Because the insuring agreement has not been triggered by the allegations of the Lawsuit, the Policy does not provide coverage to Defendant for the allegations contained within the Lawsuit. Thus, White Pine does not owe a duty to defend or indemnify Defendant for the claims of Grebinnyk.

17. A real, substantial and immediate controversy exists between Plaintiff on the one hand and Defendant on the other hand. This controversy is ripe for consideration by this Court, and it is clear that Plaintiff has standing to seek declaratory relief. Therefore, this is a justiciable claim.

## VI. STATEMENT OF PRECISE RELIEF SOUGHT

18. Plaintiff White Pine hereby seeks a declaration from this Court that there is no insurance coverage for Defendant under the Policy for the conduct alleged in the Lawsuit. Plaintiff White Pine further seeks a specific declaration from this Court that the White Pine Policy does not obligate White Pine to defend or to indemnify Defendant for any judgments awarded against them in the Lawsuit.

Respectfully Submitted,

**HARDIN THOMPSON, P.C.**

*Susan L. Loughran*
Susan L. Loughran, Esquire (WV ID 9690)
The Frick Building
437 Grant Street, Suite 620
Pittsburgh, Pennsylvania 15219
(412) 315-7195 / (412) 315-7386 (fax)
sloughran@Hardinlawpc.net
***Attorney for Plaintiff, White Pine Ins. Co.***